NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3933-16T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

ANTHONY ENRICO,

 Defendant-Appellant.

_______________________________

 Submitted July 11, 2017 – Decided August 7, 2017

 Before Judges Nugent and Accurso.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Indictment No.
 15-10-1396.

 Galantucci, Patuto, DeVencentes, Potter &
 Doyle, LLC, attorneys for appellant (David J.
 Altieri, on the brief).

 Gurbir S. Grewal, Bergen County Prosecutor,
 attorney for respondent.

PER CURIAM

 The Supreme Court has remanded this Graves Act motion for

leave to appeal for our reconsideration on the merits. By way of

background, a Bergen County grand jury charged defendant Anthony
Enrico in a single-count indictment with unlawful possession of a

weapon, N.J.S.A. 2C:39-5(b). The sentencing provision for this

second-degree crime requires the court to impose a term of

imprisonment that includes a period of parole ineligibility, which

"shall be fixed at one-half the sentence imposed by the court or

42 months, whichever is greater." N.J.S.A. 2C:43-6(c).

 The Legislature provided "a limited exception that allows

certain first-time offenders to receive a reduced penalty if the

imposition of a mandatory term would not serve the interests of

justice." State v. Benjamin, 228 N.J. 358, 368 (2017). The

exception is contained in N.J.S.A. 2C:43-6.2. This statute

requires either that the prosecutor make a motion to the assignment

judge, or the sentencing judge may, with the prosecutor's consent,

refer the matter to the assignment judge. The statute authorizes

the assignment judge to place the defendant on probation or to

reduce the period of parole ineligibility to one year.

 In Benjamin, the Court determined that adequate procedural

safeguards exist in the Graves Act, which delegates sentencing

discretion to prosecutors. Supra, 228 N.J. at 371-72. That is

so because "written guidelines exist to channel prosecutorial

discretion." Id. at 372. Prosecutors are required by a Directive

issued by the Attorney General to "document in the case file

[their] analysis of all the relevant aggravating and mitigating

 2 A-3933-16T3
circumstances, even if a Graves Act waiver is not being sought."

Ibid. (alteration in original) (citation omitted). Defendants

are "able to seek judicial review of prosecutors' waiver

decisions." Ibid.

 In the case before us, following defendant's indictment, the

prosecutor initially decided not to seek a Graves Act waiver.

Defendant requested the prosecutor provide written reasons for

that decision as well as other waiver case files containing the

aggravating and mitigating factors the prosecutor considered. The

prosecutor refused to comply with defendant's request, but

extended another plea offer in which he agreed to recommend a

five-year custodial term with a twelve-month period of parole

ineligibility. The trial court conducted oral argument on

defendant's discovery demands and thereafter denied both

defendant's motion to compel discovery and his motion to compel

the prosecutor to provide "written reasons for withholding consent

to waiver [of] the custodial sentence of the Graves Act."

 Defendant filed a motion for leave to appeal. We denied

defendant's motion in a September 15, 2016 order. On April 5,

2017, the Supreme Court decided Benjamin. On May 16, 2017, in the

case now before us, the Supreme Court granted defendant's motion

for leave to appeal and summarily remanded the matter to us to

 3 A-3933-16T3
reconsider the merits of the motion in light of Benjamin. State

v. Enrico, ___ N.J. ___ (2017).

 Defendant raised two points in his motion for leave to

appeal:1

 POINT I

 LEAVE TO APPEAL SHOULD BE GRANTED TO REVIEW
 THE COURT'S FINDING THAT THE STATE IS NOT
 REQUIRED TO PROVIDE OTHER GRAVES ACT WAIVER
 FILES BECAUSE THE ISSUE IS CURRENTLY UNDER
 REVIEW BY THE NEW JERSEY SUPREME [COURT].

 POINT II

 LEAVE TO APPEAL SHOULD BE GRANTED TO REVIEW
 THE COURT'S FINDING THAT THE STATE IS NOT
 REQUIRED TO PROVIDE WRITTEN REASONS FOR
 WITHHOLDING CONSENT TO WAIVER OF A MANDATORY
 MINIMUM SENTENCE OF THE GRAVES ACT.

 In Benjamin, the Supreme Court stated:

 We agree with the Appellate Division
 that, when denying a Graves Act waiver, the
 prosecutor must provide the defendant with a
 statement of reasons. However, we hold that
 defendants are not entitled to discovery of
 the prosecution's files for cases in which
 Graves Act waivers have been granted to other
 defendants.

 [Supra, 228 N.J. at 361.]

1
 After the Supreme Court issued its remand order, we permitted
the parties to file supplemental briefs addressing Benjamin,
supra, 228 N.J. 358. Defendant did not submit a supplemental
brief. Consequently, it was unnecessary for the State to submit
a response.

 4 A-3933-16T3
 In view of the Supreme Court's holding, we reverse that part

of the trial court's order denying defendant's application to

compel the prosecutor to provide written reasons for its decision.

Providing a defendant with such reasons is one of the procedural

safeguards that renders valid the delegation of sentencing

discretion. Id. at 372. We remand this matter for the prosecutor

to provide, within thirty days, a statement of reasons. Either

party may pursue appropriate review after the prosecutor has issued

the written statement of reasons.

 Reversed and remanded for further proceedings consistent with

this opinion. We do not retain jurisdiction.

 5 A-3933-16T3